IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:07CR356 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| MARCUS WHEELER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's objections, Filing No. 26, to Magistrate Judge Thomas D. Thalken's report and recommendation, Filing No. 23. The magistrate judge recommends that this court deny defendant's motion to suppress, Filing No. 15. The defendant contends that police officers did not have a reasonable, articulable suspicion of wrongdoing to justify a brief investigative detention pursuant to *Terry v. Ohio,* 392 U.S. 1 (1968). Pursuant to 28 U.S.C. § 636(b)(1)(C), the court has conducted a de novo review of the record, including the transcript of the hearing, and adopts the report and recommendation in its entirety.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Where a police officer has reasonable suspicion that criminal activity may be afoot, the officer may briefly stop an individual and make reasonable inquiries aimed at confirming or dispelling the suspicion. *United States v. Hughes,* — F.3d —, —, 2008 WL 482414 at *2 (8th Cir. Feb. 25, 2008). Such a stop is governed by the case of *Terry v. Ohio*, 392 U.S. 1 (1968), and is thus known as a "*Terry* stop." *United States v. Jones*, 269 F.3d 919, 924 (8th Cir. 2001). A *Terry* stop may also be justified if an officer

has reasonable suspicion that a crime has previously been committed by an individual. *See United States v. Hensley,* 469 U.S. 221, 229 (1985) (*Terry* stop permitted where police have reasonable suspicion that individual was involved in a completed felony). Reasonable suspicion must be supported by "specific and articulable facts." *Terry,* 392 U.S. at 21. In determining whether an officer had a "'particularized and objective basis' for suspecting legal wrongdoing," this court must look at the totality of the circumstances, allowing officers to draw on their experience and training. *United States v. Arvizu,* 534 U.S. 266, 273 (2002).

The evidence adduced at the hearing shows that on August 30, 2007, three Omaha police officers responded to a "shots fired" radio call, identifying the location as 2599 Pratt Street in Omaha, Nebraska. The officers, members of the Gang Unit, knew from confidential informants that drug activity had occurred at the residence. Upon arriving at the location, the officers observed a vehicle parked across the street with a person seated in the driver's seat and three people standing around the passenger side of the car. The officers approached the individuals and asked for identification and also asked if any of the individuals had heard shots or knew anything about shots having been fired. As one individual reached for his identification, a crack pipe fell from his pocket. Another officer observed a baggie containing a white substance on the ground.

The court agrees with the magistrate judge that the officers were justified in approaching the individuals. The officers had a reason to suspect criminal activity was afoot and to investigate the report of shots having been fired in the vicinity. For the reasons stated on the record at the hearing on the motion, the magistrate judge's report

and recommendation will be adopted in its entirety. See Filing No. 25, Hearing Transcript at 99-104. Accordingly,

IT IS ORDERED:

1. Defendant's objection (Filing No. 26) to the report and recommendation is overruled.

2. The magistrate judge's report and recommendation (Filing No. 23) is adopted.

3. The defendant's motion to suppress (Filing No. 15) is denied.

DATED this 19th day of March, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge